**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MOUNT HAMILTON PARTNERS LLC,**<br><br>            **Plaintiff,**<br><br>     **v.**<br><br>**GROUPON, INC.**<br><br><br>            **Defendant.** | **C.A. No. 1:11-cv-01268 RGA**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF MOUNT HAMILTON PARTNER LLC'S ANSWERING BRIEF TO GROUPON, INC.'S MOTION TO TRANSFER

OF COUNSEL:

James G. Gatto
Jenna F. Leavitt
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, Virginia 22102
(703) 770-7754
james.gatto@pillsburylaw.com
jenna.leavitt@pillsburylaw.com

FARNAN LLP

Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
farnan@farnanlaw.com
bfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

Attorneys for Plaintiff,
Mount Hamilton Partners LLC.

Date: March 8, 2012

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS .................. 1

II. SUMMARY OF ARGUMENT ............................................................................................. 1

III. BACKGROUND .................................................................................................................. 2

IV. ARGUMENT ........................................................................................................................ 3

    A. MHP's Motion to Transfer Must Be Denied. ........................................................ 3

    B. The Relevant Factors Weigh Against Transfer. ..................................................... 4

        1. Groupon Has Failed to Establish That the Private Interest Factors Weigh Strongly in Favor of Transfer. ........................................... 4

            a. MHP's Forum Preference ............................................................... 4

            b. Defendant's Forum Preference ...................................................... 7

            c. Where the Claim Arose .................................................................. 8

            d. The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition .................................... 9

            e. The Convenience of the Witnesses ............................................. 10

            f. The Location of Books and Records ............................................ 12

        2. The Public Interest Factors Strongly Weigh Against Transfer. ................. 12

            a. The Enforceability of the Judgment ............................................ 12

            b. Practical Considerations ............................................................... 12

            c. Court Congestion ......................................................................... 13

            d. Local Interest in the Controversy ................................................ 13

            e. Public Policies of the Fora and Applicable State Law Claims ........................................................................................... 14

V. CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. Nov 18, 1998)..............................................................7, 11, 12

*Carl Zeiss Meditec, Inc. v. Xoft*,
    2010 WL 4024603 (D. Del. Oct. 13, 2010) .........................................................5, 8, 13, 14

*Carl Zeiss Meditec, Inc. v. Xoft*,
    2011 WL 1212235 (D. Del. Mar. 30, 2011) ...................................................................4, 5

*Carnegie Mellon University v. Marvell Tech. Group, Ltd.*,
    2009 U.S. Dist. LEXIS 85976 (W.D. Pa. Sept. 21, 2009).....................................................8

*Cypress Semiconductor  Corp. v. Integrated Circuit System, Inc.*,
    2001 WL 1617186 (D. Del. Nov. 28, 2001) ..............................................................4, 5, 12

*Derry Finance N.V. v. Christiana Comps.*,
    555 F. Supp. 1043 (D. Del. 1983).........................................................................................7

*Intellectual Ventures I LLC v. Altera Corp.*,
    2012 WL 297720 (D. Del. Jan. 24, 2012).............................................................................6

*Intellectual Ventures I LLC v. Checkpoint Software Tech. Ltd.*,
    797 F. Supp. 2d 472 (D. Del. 2011)......................................................................................5

*Jumara v. State Farm Insurance Co.*,
    55 F.3d 873 (1995).............................................................................1, 3, 4, 8, 9, 11, 12

*In re Link_A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011).............................................................................................6

*In re ML-Lee Acquisition Fund II, L.P.*,
    816 F. Supp. 973 (D. Del. 1993)...........................................................................................6

*In re TCW/Camil Holding L.L.C.*,
    2004 WL 1043193 (D. Del. Apr. 30, 2004)..........................................................................9

*In re Xoft, Inc.*,
    435 Fed. Appx. 948 (Fed. Cir. Aug. 17, 2011) ....................................................................5

*Intel Corp. v. Broadcom Corp.*,
    167 F. Supp. 2d 692 (D. Del. 2001)..................................................................................9, 10

*Mallinckrodt, Inc. v. E-Z-Em, Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009)..................................................................................8

*Masgil Corp. v. Seagate Tech.*,
    2009 WL 1259043 (D. Del. Apr. 30, 2009)......................................................................7

*Molins PLC v. Cincinnati Milacron, Inc.*,
    C.A. No. 87-163-JJF (D. Del. March 22, 1988) ...............................................................6

*Mount Hamilton Partners LLC  v. Google Inc.*,
    Civ. Act. No. 11-1269-RGA ........................................................................................1, 5

*North America Phillips Corp. v. American Vending Sales*,
    35 F.3d 1576 (Fed. Cir. 1994)..........................................................................................13

*Pennwalt Corp. v. Purex Industrial, Inc.*,
    659 F. Supp. 287 (D. Del. 1986).......................................................................................7

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (U.S. 1981)..................................................................................................4

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970)................................................................................................3

*Simms v. Thomson Reuters Tax and Accounting, Inc.*,
    2011 WL 4501225 (D. Del. Sept. 28, 2011).....................................................................4

*Sunds Defibrator, Inc. v. Durametal Corp.*,
    1997 WL 74660 (D. Del. Jan. 31, 1997).........................................................................11

*Wacoh Co. v. Kionix Inc.*,
    2012 WL 70673 (D. Del. Jan. 9, 2012).........................................................................8, 9

*XPRT Ventures, LLC v. eBay, Inc.*,
    2011 WL 2270402 (D. Del. June 8, 2011).....................................................................11

**I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Mount Hamilton Partners, LLC ("MHP") filed its complaint against Groupon, Inc. ("Groupon") on December 21, 2011, alleging that Groupon directly and indirectly infringes United States Patent No. 7,904,334 B2 ("the '334 Patent").  D.I. 1.   On or about February 20, 2012, Groupon filed the instant motion to transfer this action to the Northern District of Illinois, or, alternatively, the Northern District of California ("Motion").  This is MHP's Answering Brief in opposition to Groupon's Motion.

**II.     SUMMARY OF ARGUMENT**

1.      Groupon's Motion should be denied because application of the *Jumara* public and private interest factors weigh in favor of keeping this case in Delaware, and Groupon cannot meet its burden of demonstrating otherwise.  Groupon is a Delaware corporation that has been and continues to receive the benefits of doing business in this District, and therefore, Groupon should not now be allowed to complain that it has been sued here.  In addition, Groupon is a corporation with a world-wide presence and overwhelming financial resources which negates any argument that litigating this action in Delaware would result in a hardship to Groupon.  Also, another action involving the same patent is currently pending in this District, and therefore, the transfer of this action to another district would increase the risk of inconsistent rulings on common questions of fact and law, and decrease judicial efficiency and economy.  *See Mount Hamilton Partners LLC v. Google Inc.*, Civ. Act. No. 11-1269-RGA.  Accordingly, the Court should deny Groupon's Motion To Transfer.

2.      Alternatively, if the Court concludes that a transfer of this action is necessary, then the Court should transfer this action to the Northern District of California, where MHP is headquartered and not to the Northern District of Illinois, which is a wholly inconvenient forum for MHP.

### III.   BACKGROUND

MHP was founded by Rakesh Ramde and Wilfred Lam in 2004.  *See* Declaration of Rakesh Ramde in Support of MHP's Answering Brief ("Ramde Decl.") ¶ 2.  MHP's principal place of business is located in Mountain View, California.  *Id.* at ¶ 4.  MHP's mission is to invest in technology companies by providing strategic and financial support at strategic stages of research and development.  *Id.* at ¶ 6.  Unlike typical traditional investors, MHP proactively participates in the success of its patent portfolio investment by actively transforming breakthrough ideas into leading edge market-driven initiatives.  *Id.* at ¶ 7.  In support of these goals, in or around March 2006, MHP acquired a family of patents that provide innovative solutions for several problems facing restaurants and other service related industries. *Id.* at ¶ 9. Included in this patent family is the '334 Patent, which solves the challenges of (a) reducing excess capacity at off-peak hours and (b) retaining customer information for such purposes as more effective marketing to customers and increasing customer repeat business and loyalty. *Id.*

After acquiring the family of patents, MHP's sole member explored business opportunities with other companies to combine the technology disclosed by the patents with other restaurant-related solutions for potential product development. *Id.*

On May 12, 2009, MHP filed suit against OpenTable, Inc. on a different, but related patent, in the Northern District of California. *Id.* at ¶ 10.  However, that case was almost immediately stayed pending re-examination of that patent, and was ultimately settled prior to lifting the stay. *Id.*

Unlike MHP, which consists of at most two employees (*Id.* at ¶ 5) and has limited resources (*Id.* at ¶ 8), Groupon is a large multi-national company that markets its services in 45 countries around the world. *See* Declaration of Jenna F. Leavitt ("JFL Decl.") at Ex. 1.  Groupon claims to have 10,000 employees located in several offices in North America and around the

world. *Id.* In December of 2010, Groupon was valued at $6.4 billion dollars. *Id.* at Ex. 2. In 2010, Groupon's total revenues were estimated at around $760 million dollars, with world-wide 2011 revenues around $1.6 billion dollars. *Id.* at Exs. 3 and 4. As of November of 2011, Groupon is now valued at $13 billion dollars. *Id.* at Ex. 5.

Groupon launched its daily deal (discount coupon) feature to the Delaware market (Wilmington-Newark) in or around October 11, 2010. *Id.* at Ex. 6. According to Groupon's then President and CEO, Rob Solomon, "[e]ncompassing Delaware's largest city and offering a rich history with plenty to see and do, the Wilmington-Newark market is an excellent match for the Groupon model." *Id.* Mr. Solomon noted that Groupon looked "forward to providing residents with unbeatable deals from the area's best businesses, while creating new streams of revenue for local merchants." *Id.*

## IV.  ARGUMENT

### A.  MHP's Motion to Transfer Must Be Denied.

"It is black letter law that a plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and that choice [of forum] should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations and internal quotations omitted). Thus, while the court has broad discretion to consider a transfer, that discretion should not be "liberally" exercised. *Id.* Instead, "[t]he burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Id.* Given the strong presumption in favor of MHP's choice of forum, this burden is particularly heavy — "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Id.* (citations and internal quotations omitted).

Although the Third Circuit has emphasized that "there is no definitive formula or list of factors to consider," the Third Circuit has identified several private and public interests that

3

courts may consider in determining whether to disturb a plaintiff's choice of forum. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (1995). Specifically, the private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that they cannot be produced in the alternative forum. *Id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker or less expensive; (3) the relative administrative difficulty in the two fora as a result of court congestion; (4) the local interest in the controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

Guided by these factors, the court must consider whether Groupon, as the moving party, has demonstrated that the balance of these interests strongly favors a transfer. If "the scales are evenly balanced or only slightly tipped in favor of transfer" then Groupon "has not met its heavy burden." *Carl Zeiss Meditec, Inc. v. Xoft*, 2011 WL 1212235 at *2 (D. Del. Mar. 30, 2011).

    **B.**    **The Relevant Factors Weigh Against Transfer**

        **1.**    **Groupon Has Failed to Establish That the Private Interest Factors Weigh Strongly in Favor of Transfer.**

            **a.**    **MHP's Forum Preference**

A plaintiff's choice of forum "should rarely be disturbed." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (U.S. 1981). Indeed, a plaintiff's choice of forum is a "paramount consideration," and the deference afforded to a plaintiff's choice of forum applies as long as the plaintiff has selected the forum for some legitimate reason. *Simms v. Thomson Reuters Tax and Accounting, Inc.*, 2011 WL 4501225, at *3 (D. Del. Sept. 28, 2011); *Cypress Semiconductor*

4

*Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Carl Zeiss Meditec, Inc. v. Xoft*, 2010 WL 4024603, at *2 (D. Del. Oct. 13, 2010) (plaintiff's choice of forum given "paramount consideration even where the chosen forum is not the plaintiff's 'home turf' or location of the alleged wrongful conduct") (adopted in full by *Carl Zeiss Meditec, Inc. v. Xoft*, 2011 WL 1212235 (D. Del. Mar. 30, 2011)), affirmed by *In re Xoft, Inc.*, 435 Fed. Appx. 948 (Fed. Cir. Aug. 17, 2011)).

Groupon's heavy reliance on Federal Circuit authority applying Fifth Circuit law is misplaced. In the Third Circuit, unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail, and a plaintiff's choice of forum is to be afforded considerable weight and "should not be lightly disturbed." *Carl Zeiss Meditec, Inc.*, 2011 WL 1212235 at *1-2. Put another way, unless the defendant is "truly regional in character. . .transfer is almost always inappropriate." *Intellectual Ventures I LLC v. Checkpoint Software Tech. Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011). Groupon ignores this authority and instead argues that MHP's forum selection is not entitled to any weight since it is a non-practicing entity. Yet, such a classification assumes that MHP's sole interest in the '334 Patent was litigation. This is untrue. MHP has investigated potential product development. *See* Ramde Decl., at ¶ 9. Regardless, the nature of MHP's business does not provide grounds under the case law to diminish the deference afforded to a plaintiff's legitimate choice of forum.

Here, MHP selected Delaware as its preferred forum because it is incorporated in Delaware, and Delaware is a convenient, centralized forum to litigate the common issues of law and fact raised by MHP's allegations of infringement of the '334 Patent. These allegations have been directed against more than one entity in a suit that is already pending before the Court. *See Mount Hamilton Partners LLC v. Google Inc.*, Civ. Act. No. 11-1269-RGA. In addition to the Court's vast knowledge and experience in handling patent cases, the Court will also have the

benefit of familiarity with the '334 Patent, specifically, as a result of the already pending case, thereby making it inefficient, unnecessary and duplicative for a second court to have to expend resources on the same patent and the same technology. Moreover, Delaware is a convenient forum for both counsel (who may be no more than a short train ride away from the Court), and for at least one of the inventors of the '334 Patent, who is likely to be an integral witness in the case.

Groupon's reliance on *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011), for the proposition that MHP's choice of forum should be entitled to "little deference" is inaccurate and misplaced. While *Link_A_Media* provides guidance regarding transfer requests, it does not change the fundamental discretion given to courts to decide such issues on a case by case basis. *See Intellectual Ventures I LLC v. Altera Corp.*, 2012 WL 297720, at *5 (D. Del. Jan. 24, 2012). Under such factors, as set forth herein, Groupon's request should be denied. Moreover, importantly, the plaintiff in *Link_A_Media* was not a Delaware entity. Here, both parties are Delaware entities.

Despite the legitimate reasons for MHP's forum selection, Groupon argues that MHP's choice of forum is entitled to less weight, because MHP has not chosen its "home turf" to litigate this action. However, even if a plaintiff has not chosen its home turf, "the plaintiff's choice of forum is *still* of paramount consideration, and the burden remains *at all times* on the defendants to show that the balance of convenience and the interests of justice weigh *strongly* in favor of transfer." *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (citing *Molins PLC v. Cincinnati Milacron, Inc.*, C.A. No. 87–163–JJF (D. Del. March 22, 1988)) (emphasis added). Further, many cases in this District hold that a party's state of incorporation is considered its "home turf." *Intellectual Ventures I LLC*, 2012 WL 297720, at *6.

6

Moreover, the "home turf" concept is rooted in issues of convenience. Specifically, whether the chosen forum is also inconvenient to the plaintiff when compared with plaintiff's "home turf." *See Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287 (D. Del. 1986). In the circumstances of this case, MHP is already litigating the same patent and the same issues against another defendant in Delaware, and therefore, the inconvenience of splintering off this action and moving it to Illinois or California, far surpasses any inconvenience to Groupon in requiring it to continue to litigate in Delaware. Accordingly, MHP's choice of forum strongly weighs against a transfer.

### b. Defendant's Forum Preference

Groupon has expressed a preference for litigating this action in the Northern District of Illinois or the Northern District of California. However, its preference is not given "paramount consideration" under Third Circuit law. More importantly, the choice of Delaware is not significantly inconvenient to Groupon, when compared with the substantial burden and inconvenience of forcing MHP to litigate the *same* patent in two different fora.

Transfer is also inappropriate if it merely shifts the burden from one party to another. *See Derry Fin. N.V. v. Christiana Comps.*, 555 F. Supp. 1043, 1046 (D. Del. 1983) (denying transfer where it would not decrease inconvenience, but only shift that inconvenience to the other party). Groupon is a multi-billion dollar global company and is fully capable of litigating this matter in Delaware without substantial hardship or inconvenience. *See e.g., Masgil Corp. v. Seagate Tech.*, 2009 WL 1259043, at *1 (D. Del. Apr. 30, 2009) (multi-billion dollar global companies do not "suffer meaningful financial hardship if required to litigate in Delaware"); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 202 (D. Del. Nov 18, 1998) (multimillion dollar companies with worldwide interests can easily bear the financial burden of litigation in Delaware, even if headquartered elsewhere such as Silicon Valley).

7

Groupon complains that it has "virtually no connection" to Delaware, however, Groupon ignores its most significant connection. Groupon was "born" in Delaware. It is incorporated in Delaware, and its presence in Delaware is not simply a paper filing. Groupon has been actively and enthusiastically offering and selling its services within this District for more than a year. JFL Decl. at Ex. 6. When a corporation chooses to incorporate in Delaware and accept the benefits of such incorporation, it cannot complain when suit is brought against it in Delaware. *See Carl Zeiss Meditec, Inc.* 2010 WL 4024603 at *2; *see also*, *Mallinckrodt, Inc. v. E–Z–Em, Inc.,* 670 F. Supp. 2d 349, 357 (D. Del. 2009) (recognizing that it is legitimate to sue a Delaware corporation in its place of incorporation). This principle is taken even further in the case of Groupon, because it not only accepts the legal benefits and privileges of incorporation here, but it receives the real and tangible economic benefits of actively marketing to Delawareans and doing business here.

### c.     Where the Claim Arose

In the context of patent infringement cases, claims arise where the infringement occurs. *Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.,* 2009 U.S. Dist. LEXIS 85976, *7-8 (W.D. Pa. Sept. 21, 2009). This can include both the place where the accused products were made, as well as where they were sold. *Wacoh Co. v. Kionix Inc.*, 2012 WL 70673, *4 (D. Del. Jan. 9, 2012).

Groupon contends that MHP's claims arose in the Northern District of Illinois under the "center of gravity" test. D.I. 11 at 6-7. However, "[t]he 'center of gravity' test is shorthand for a number of the private factors (where the claim arose, convenience of the parties and witnesses, and the location of books and records) [and] does not by itself supplant the *Jumara* analysis." *See Carnegie Mellon,* 2009 U.S. Dist. LEXIS 85976, *7-8.

8

There is no dispute that Groupon's accused services and methods are used, offered and sold in this District. JFL Decl. at Ex. 6. Groupon's generalized statements about development, marketing and sales activities being conducted at its headquarters do not establish that there have been more alleged acts of infringement in the Northern District of Illinois or California than there have been in Delaware. Further, the fact that Groupon offers its alleged infringing services directly to Delaware residents for purchase and use within Delaware and targets Delaware businesses for these infringing services belies its claims that all its infringement activities took place outside this District. Accordingly, Groupon cannot demonstrate that this factor strongly weighs in favor of a transfer. *Wacoh Co.*, 2012 WL 70673 at *4 (concluding that "'where the claims arose' does not add any independent weight to what is [already] taken into account by [the] other [*Jumara*] factors").

    d.  **The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition**

Under the *Jumara* factors, the "convenience of the parties" is not assessed according to the parties' location or their principal places of business. Rather, the "convenience of the parties" is considered in the context of "their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Accordingly, a defendant seeking a transfer must do more than merely show that another forum is more convenient; instead, it is a defendant's responsibility to prove that litigating in the plaintiff's forum would pose a unique or unusual burden on its operations. *In re TCW/Camil Holding L.L.C.*, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004) (emphasis added; citations omitted). As this Court stated in denying a motion to transfer in *Intel Corp. v. Broadcom Corp.*:

> [Defendant] is a multi-billion dollar company that does business on an international scale. Furthermore, the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses. Therefore, to meet its burden [defendant] must 'establish that litigating this case in Delaware will

>pose a 'unique or unusual burden' on [its] business operations.' [] It has not done so.

167 F. Supp. 2d 692, 706 (D. Del. 2001) (citations omitted).

Like the defendant in *Intel Corp.*, Groupon is a multi-billion dollar corporation doing business on a multi-national scale. Indeed, in 2011, Groupon had revenues reported to be around $1.6 billion dollars. *See* JFL Decl. at Ex. 4. In addition to Groupon's financial dominance, other circumstances also strongly weighs against a transfer – Groupon actively does business here and has already retained the Delaware office of Reed Smith LLP to assist in the litigation of this action. Accordingly, Groupon cannot legitimately argue that litigating in this forum would "impose a unique or undue burden" on its global operations.

In contrast, MHP is a relatively small company with modest revenues. *See* Ramde Decl. ¶ 8. As MHP will already be litigating against Google in this District on the very same patent, MHP would suffer significant prejudice and inconvenience if it were required to litigate the same patent simultaneously in two different fora. As the Court and the parties are aware, the stages of patent litigation prior to trial are particularly lawyer-driven, and therefore, the inconvenience would be far greater on MHP to simultaneously litigate the same issues in Illinois or California and Delaware, than it would be for Groupon to continue in this District. Accordingly, Groupon cannot demonstrate that the convenience of the parties weighs in favor of a transfer.

### e.     The Convenience of the Witnesses

Groupon contends that the majority of relevant witnesses and evidence are located in Illinois, while no witnesses or evidence of either party are in Delaware. While Groupon casually notes that it would have to arrange for its employee witnesses to travel to Delaware, Groupon fails to identify any non-party witness that would be available only in Illinois or California and not this court.

In light of recent case law, this factor is given little weight. *See e.g., XPRT Ventures, LLC v. eBay, Inc.*, 2011 WL 2270402 at *3 (D. Del. June 8, 2011) (holding that the convenience factor is "outdated, irrelevant, and should be given little weight, if any, except for those rare exceptions where truly regional defendants are litigating"). Moreover, in *Jumara*, the Third Circuit expressly stated that the convenience of witnesses should be considered only to the extent that a witness would be unavailable for trial in the forum. *Jumara*, 55 F.3d at 879. As courts in this District have long recognized, a party is able, and indeed has an obligation, to procure the attendance of its own employees for trial. *Affymetrix, Inc.*, 28 F. Supp. 2d at 203; *Sunds Defibrator, Inc. v. Durametal Corp.*, 1997 WL 74660, *3 (D. Del. Jan. 31, 1997). Thus, the convenience of "[p]arty witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc.*, 28 F. Supp. 2d at 203.

It is also quite rare for significant numbers of employees to be called as witnesses in patent litigation. In fact, the realities of such litigation often involve no more than a handful of employee witnesses and a few experts. Therefore, the convenience of the few potential employees who may ultimately be required to attend trial is insufficient to tip this factor strongly in favor of a transfer.

Further, at least one non-party fact witness, an inventor of the patent-in-suit, resides in New York and could be subpoenaed to testify at trial. *See* Ramde Decl., at ¶ 11. If MHP were required to litigate this action in Illinois or California, that witness would be beyond the reach of the subpoena power of either court. *Affymetrix Inc.*, 28 F. Supp. 2d at 203 (internal citations and quotation marks omitted) ("Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, however, have traditionally weighed quite heavily in the "balance of convenience" analysis.").

Groupon has failed to meet its burden on this issue as it has failed to provide "adequate information regarding the content and materiality of [any witness] testimony." *Affymetrix, Inc.*, 28 F. Supp. 2d at 205. Accordingly, the convenience of the witnesses weighs against a transfer of this action.

### f.  The Location of Books and Records

As with the convenience of witnesses, the Third Circuit has instructed in *Jumara*, that the location of the parties' books and records should be considered only "to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Here, Groupon has "not identified any particular piece of evidence or document that would be especially difficult to transport to Delaware." *Cypress*, 2001 WL 1617186, at *3. Regardless of where the books and records are physically located, they are more than likely to be collected and produced in electronic form. The technological ease with which such electronic documents can be transferred makes this, at best, a neutral factor. Indeed, both parties will be required to transfer documents from their headquarters, and therefore, Groupon cannot establish that this factor strongly tips in favor of a transfer.

### 2.  The Public Interest Factors Strongly Weigh Against Transfer.

#### a.  The Enforceability of the Judgment

Groupon does not address this factor, and MHP contends it is neutral.

#### b.  Practical Considerations

Groupon's arguments concerning the practical considerations that would make trial more efficient and less expensive (for Groupon) in Illinois are a rehashing of its arguments concerning the location of witnesses and the production of documents. In fact, there are several practical considerations that weigh against transferring this action to Illinois or California. Most significant among these factors is the risk of inconsistent verdicts and duplicative proceedings

that will be required if MHP is required to simultaneously litigate the same patent in two different locations. Indeed, there is nothing cost-effective or efficient in requiring the same litigation to proceed in two different forums.

MHP is in a monumentally weaker financial position relative to Groupon and will be required to expend nearly double the resources and likely double the funds to proceed in two places at once. In contrast, Groupon is already proceeding in this District, and it has retained Delaware counsel to assist it in this action. Accordingly, the inconvenience and vast expense to MHP of proceeding in the Northern District of Illinois or Northern District of California far outweighs any inconvenience to Groupon of continuing to litigate in this District, and therefore, Groupon cannot establish that this factor weighs in favor of a transfer.

### c.     Court Congestion

This factor is not dispositive, and is at best neutral given the almost equal congestion and time to trial in all three courts referenced in Groupon's Motion. Accordingly, Groupon cannot demonstrate that this factor weighs in favor of a transfer.

### d.     Local Interest in the Controversy

Groupon's argument that Illinois (or California) has a greater local interest in this controversy is duplicative of its argument concerning the private interest factor of where this claim arose and the convenience of its employee witnesses. As in *Carl Zeiss Meditec, Inc. v. Xoft*, Groupon's argument that incorporation in Delaware is an insufficient public interest factor to prevent transfer is incorrect. *See Carl Zeiss Meditec, Inc*, 2010 WL 4024603 at * 3. Delaware has a clear interest in prohibiting the use of infringing goods or methods into its territory. *See North Am. Phillips Corp. v. American Vending Sales*, 35 F.3d 1576, 1580 (Fed. Cir. 1994). Moreover, "Delaware has an interest in litigation regarding companies incorporated within its

jurisdiction." *Carl Zeiss Meditec, Inc.*, 2010 WL 4024603 at *3. Therefore, Groupon has not demonstrated that this factor strongly weighs in favor of a transfer.

### e. Public Policies of the Fora and Applicable State Law Claims

Groupon does not address these factors, and MHP contends they are neutral.

## V. CONCLUSION

For the foregoing reasons, MHP respectfully requests that Groupon's Motion be denied.

Date: March 8, 2012	FARNAN LLP

/s/ Rosemary J. Piergiovanni
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
farnan@farnanlaw.com
bfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

James G. Gatto (admitted *pro hac vice*)
Jenna F. Leavitt (submitted *pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, 14th Floor
McLean, Virginia 22102
(703) 770-7754
james.gatto@pillsburylaw.com
jenna.leavitt@pillsburylaw.com

*Attorneys for Mount Hamilton Partners, LLC*

14